IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03473-GPG
(Removal from Teller County Court, State of Colorado, Case No. 2014C30296)

MICHAEL V. WROUGHT, an individual, and
JUDITH M. WROUGHT, an individual,

    Plaintiffs,

v.

JOHN KING, also known as, JOHNNY KING, and
ANY AND ALL OTHER OCCUPANTS,

    Defendants.

---

ORDER FOR SUMMARY REMAND

---

John King, also known as Johnny King, acting *pro se*, has filed a Notice of Removal. Mr. King seeks removal to this Court of Case No. 2014C30296, a state forcible entry and detainer proceeding filed by Plaintiffs pursuant to Colo. Rev. Stat. § 13-40-109. The state proceeding seeks to remove Mr. King and others from the property and to recover reasonable attorney's fees and costs.

This Court must construe the Notice of Removal liberally because Mr. King is acting *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court has reviewed the Notice of Removal and finds that it is deficient.

Mr. King does not assert federal jurisdiction on any basis other than his counterclaims. Removal is permitted only where the existence of a federal claim appears on the face of a well-pleaded complaint. *Holmes Group Inc. v. Vornado Air*

*Circulation Systems, Inc.*, 535 U.S. 826, 830 & n. 2 (2002).   Accordingly, Mr. King has not met his burden to establish subject matter jurisdiction.

With respect to Mr. Kings 's assertion that he seeks removal pursuant to 28 U.S.C. § 1443, the Court finds that he fails to meet the requirements as set forth in § 1443(1) for removing the detainer proceeding from a state court.   Although § 1443 authorizes the removal to federal court of certain civil rights cases, the two requirements for removal under § 1443(1) are narrow and well-defined.   *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).

"First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).   "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' " *Johnson*, 421 U.S. at 219 (quoting § 1443(1)).   The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal
> rights is left to the state courts except in the rare situations
> where it can be clearly predicted by reason of the operation
> of a pervasive and explicit state or federal law that those
> rights will inevitably be denied by the very act of bringing the
> defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966).   This requirement must be supported by specific factual allegations.   *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).

Mr. King asserts in a conclusory and vague fashion that the state detainer

proceeding is "a retaliatory eviction for defendant tenant's asserting federally protected civil rights under the Americans with Disabilities Act and other federal civil rights laws." He alleges he suffers from severe physical disabilities and that Defendants refused to provide him "the reasonably achievable accommodation required by the ADA and have tried to intimidate him using their powers of landlords." He neither alleges that the right denied "arises under a federal law providing for specific civil rights stated in terms of racial equality," nor has he asserted that he is denied or is not able to enforce in the state court proceedings his constitutional rights under 42 U.S.C. § 3603(a)(b)(1)(A)(B), a federal law that provides for equal rights of citizens. Mr. King does not state with any specificity how his civil rights would be denied in state court. Therefore, Mr. King does not meet the requirements as set forth under § 1443(1).

The Court also notes that removal pursuant to 28 U.S.C. § 1443(2) is not appropriate in this action. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Mr. King does not allege that he is either a federal officer or a person assisting a federal officer in performing official duties providing for equal civil rights.

In sum, because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that this action is remanded summarily to the Teller County Court. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Teller County Clerk, 101 West Bennett Avenue, Cripple Creek, Colorado 80813.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   5th   day of    January       , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK , Senior Judge
United States District Court